OPINION OF THE COURT
Edward S. Conway, J.
This is a proceeding in which plaintiffs seek to review and annul a decision of the defendant New York State Civil Service Commission dated December 5,1980 relating to the classification of the positions of Police Commissioner and Fire Commissioner of the City of Yonkers.
The City of Yonkers decided in 1974 to abolish the appointive position of Public Safety Commissioner that it had operated under for 17 years. It subsequently divided the powers formerly held by the Commissioner of Public Safety into four departments. Two of those departments were the Police Department and Fire Department, each to be directed by a person vested with the power formerly exercised by the Commissioner of Public Safety. The positions (police chief and fire chief) remained in the competitive class.
Thereafter, in 1978, the city abolished the competitive position of police chief and created the appointive position of police commissioner and later, in May of 1980, took similar action with respect to the position of fire commis *544 sioner. Further, the local Municipal Civil Service Commission adopted a resolution after public hearing placing the positions of police commissioner and fire commissioner in the unclassified classification of the civil service.
An application was then forwarded to the New York State Civil Service Commission for its approval, pursuant to statute. The State Civil Service Commission disapproved the application for change of the classification designation, with recommendations for changes in the local law of the City of Yonkers which created these positions. These recommendations resulted in new legislation being adopted by the Yonkers City Council in 1980. The local Civil Service Commission adopted new resolutions based upon the new local law. Thereafter, the local Civil Service Commission again submitted a resolution to the New York State Civil Service Commission which changed the classifications of these positions.
On December 5, 1980, the New York State Civil Service Commission disapproved the application of the.. City of Yonkers. The plaintiffs subsequently commenced this CPLR article 78 proceeding contending that they have not been afforded a hearing pursuant to subdivision 2 of section 25 of the Civil Service Law with respect to the action taken by the defendants. Plaintiffs contend that the action taken by defendants in disapproving their applications is null and void. Further, plaintiffs contend that the positions of police and fire commissioners fall within the unclassified service as defined in subdivision (e) of section 35 of the Civil Service Law.
This court cannot agree with the contentions of the plaintiffs. Subdivision 2 of section 25 of the Civil Service Law is not applicable to the present action as it does not apply to an initial determination made by the State Civil Service Commission under section 20 of the Civil Service Law before the effectiveness of a jurisdictional classification by the City of Yonkers.
Further, the police and fire commissioners do not come within the statutory definition of unclassified service as provided in subdivision (e) of section 35 of the Civil Service Law as they do not have the “power and authority to *545 appoint and remove officers and employees therein”. (See Matter of Nugent v New York State Civ. Serv. Comm., 46 AD2d 700.)
The determination of the defendants in denying the classification was not arbitrary and capricious and should therefore be affirmed.
The plaintiffs’ petition is therefore denied.